## UNITED STATES v. STEWART.

### No. 9519.

Circuit Court of Appeals, Ninth Circuit.

May 1, 1941.

Francis M. Shea, Asst. Atty. Gen., A. B. Holman, and Leavenworth Colby, Atty. Dept. of Justice, all of Washington, D. C., and Miles N. Pike, U. S. Atty., and John S. Halley, Asst. U. S. Atty., both of Reno, Nev., for appellant.

Robert Richard Gill, of Ely, Nev., for appellee.

Before GARRECHT and HEALY, Circuit Judges, and ST. SURE, District Judge.

GARRECHT, Circuit Judge.

This is a suit brought in the name of the United States by the United States Attorney for the District of Nevada to recover $978.-50, alleged to have been paid to appellee through mistake of a postal employee. The suit was instituted more than three years after the money passed from the possession of the Post Office department. After a trial upon the merits the District Court dismissed the case for lack of jurisdiction.

In January, 1933, Mrs. Ida M. Doan went to the post office at Tonopah, Nevada, where she resided, and made inquiry concerning the opening of a postal savings account.

She told Mrs. Grace F. Malone, with whom she was well acquainted and who was, and had been for more than eight years, assistant postmaster there, that she wanted to fix her deposits so that they would go to a certain person in case of her death. The assistant postmaster told Mrs. Doan that this could be done and that they had forms for that purpose which had been used for twenty years. She presented Mrs. Doan with one of these forms, and helped her fill it out and assured Mrs. Doan that her object would be accomplished by signing the form as indicated.

Mrs. Doan and Oline C. Stewart, appellee herein, had been intimate friends for many years, and part of the time they had lived together. Mrs. Doan told Mrs. Stewart of the deposits she had made at the post office and which, she said, had been arranged so that in case of her death the money would be paid to Mrs. Stewart. She also requested that in the event of her death Mrs. Stewart should draw the money and give half of it to Mrs. Walsh, another friend.

Mrs. Doan died in December, 1935; in January, 1936, Mrs. Stewart appeared at the post office with the papers relating to the deposits, handed them over to Mrs. Malone, the assistant postmaster, received from her the money represented thereby, and divided it with Mrs. Walsh. Mrs. Stewart is administratrix of the estate of said Ida M. Doan, deceased.

The claim is made that under Government regulations the Postal Savings System could not receive the deposit upon the terms under which it was offered and that the assistant postmaster could not accept the money for the system on the condition specified, even though the assistant postmaster thought it could and received the money under that understanding. The return of the deposit is sought to await determination by the state court as to its ownership.

Logically, it would seem that this fund could not be converted into a savings deposit, that the money having been erroneously received by the assistant postmaster, she was in fact a trustee, and in paying the money to the party designated she executed the trust. In any event, no one could sue the Postal Savings System, and the assistant postmaster could be held personally responsible for any error or breach of trust. Under the facts here no suit could be instituted against the United States. Congress has not authorized suit against the Postal Savings System, either in the name of the trustees (Farley v. Albers, 72 App. D.C. 136, 112 F.2d 401) or in the name of the United States. Leka v. United States, 69 Ct.Cl. 79.

It is stipulated that appellee is the administratrix of Mrs. Doan's estate. So we have this situation: Mrs. Stewart has the money and conclusively is entitled to its possession, either personally under the arrangement concluded between Mrs. Doan and Mrs. Malone, the assistant postmaster, or if not so entitled, she holds it as the administratrix of the estate of Ida M. Doan, deceased.

The money is not the property of the United States nor of the Post Office department. Any controversy as to who may ultimately be entitled to it lies between Mrs. Stewart personally and some possible heir to Mrs. Doan's estate. Such contest can be readily waged in the state courts under appropriate state statutes. An adverse claimant can apply to the probate or other proper state tribunal to require Mrs. Stewart to account for the money paid to her by the assistant postmaster, and the ultimate ownership of the fund thus established. Moreover, this method for settling controversies between rival claimants is suggested in the statute (39 U.S.C.A. § 767), which indicates that postal authorities should await the adjudication of any conflicting claims to the deposit in an action brought by the interested parties. And Section 1619, par. 4, of the Postal Laws and Regulations for 1932 (39 CFR § 18.14d), among other things, provides: "* * * In case administration has been granted on the estate of a deceased depositor, * * * If proper authority is shown, the Third Assistant Postmaster General shall then authorize the postmaster to pay such legal representative the amount standing to the credit of the depositor * * *." The record shows that before the institution of suit the United States Attorney demanded in writing that Mrs. Stewart turn over the money received by her from the assistant postmaster to the estate of Ida M. Doan, deceased.

No useful purpose would be served by restoring possession of the money to the Post Office Department. The judgment of the District Court is therefore affirmed.